IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:16 CR 128-002 |
| | ) | The Honorable T.S. Ellis, III |
| EDWARD PARSON | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S POSITION ON SENTENCING**

COMES NOW the Defendant, Edward Parson, by and through counsel, and requests that this Court sentence him to a term of incarceration at the mandatory minimum sentence of 180 months.

Pursuant to 18 U.S.C. § 3553(a), Federal Rule of Criminal Procedure 32, and in accordance with *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), and in accordance with this Court's policy regarding guideline sentencing and §6A1.2 of the United States Sentencing Guidelines and Policy Statements, Defendant further states that he has received and reviewed a copy of the Presentence Investigation Report (PSR) filed in this matter and presents the Defendant's Position with Respect to Sentencing Facts and Factors to aid the Court in determining an appropriate sentence.

Defendant Edward Parson is before the Court for sentencing on one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). He entered a plea of guilty to this charge on April 14, 2017.

I.      **Legal Standard**

Under *United States v. Gall*, 552 U.S. 38, 49 (2007), the U.S. Sentencing Guidelines ("USSG") range "should be the starting point and the initial benchmark" for sentence calculations but "not the only consideration." Consequently, once the initial sentencing range is calculated, this Court then considers all of the factors listed in 18 U.S.C. § 3553(a). Pursuant to *Booker*, courts must consider the recommended guideline range as one of seven co-equal statutory sentencing factors enumerated in 18 U.S.C. § 3553(a). *Booker*, 543 U.S. at 259-60 (2005). The Court must now consider each of the following sentencing factors:

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant;
2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to protect the public from further crimes by the defendant, to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.
3. The Need for the Sentence Imposed;

    4.        The Kinds of Sentences Available;

    5.        The Sentencing Range Established under the Sentencing Guidelines;

    6.        Pertinent Policy Statement Issued by the Sentencing Commission;

    7.        The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct; and

    8.        The Need to Provide Restitution to Any Victims of the Offense.

Upon consideration of these factors, a sentencing court may find that the case falls outside the "heartland" contemplated by the Sentencing Guidelines, or that "the guidelines sentence itself fails properly to reflect the § 3553(a) considerations," or that "the case warrants a different sentence regardless." *Rita v. United States*, 551 U.S. 338, 351 (2007). While the Court must begin its analysis by correctly calculating the advisory sentencing range, the Court is then free in light of the other statutory sentencing factors to impose an entirely different sentence. This is because, under *Rita*, the Court is free simply to disagree, based on the § 3553(a) sentencing factors, with the Sentencing Guideline's "rough approximation" of the appropriate sentence for any given case. *Id*., at 350.

The primary directive of § 3553(a) is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. After *Booker* and *Gall*, therefore, sentencing courts must impose the minimum sentence that is sufficient to accomplish the objectives of § 3553(a). Moreover, there is no presumption that the advisory Sentencing Guidelines range is the minimally sufficient sentence that § 3553(a)

requires this Court to determine and impose. *See Gall*, 552 U.S., at 50 (sentencing court "may not presume that the Guidelines range is reasonable. The Court must make an individualized assessment based on the facts presented.") (internal citation omitted). In *Gall*, for example, the Supreme Court found that a sentence of probation was "reasonable" in a case in which the Sentencing Guidelines called for a sentencing range of 30-37 months. *Gall* reversed the Court of Appeals for failing to "reflect the requisite deference" to the District Court's sentencing decision. Id., at 56.

Indeed, whatever sentence the Court imposes after appropriately considering all the statutory sentencing factors "whether inside, just outside, or significantly outside the Guidelines range," the Court's sentence must be reviewed by the Fourth Circuit under a "deferential abuse-of-discretion standard." Id., at 51 (reversing Court of Appeals and reinstating a probationary sentence where advisory sentencing range was 30-37 months.) This Court is in the unique position to assess the defendant, his past and his future. After *Booker* and *Gall*, the sentencing court's ability to assess a defendant and his position in a case has been restored as the center piece of the sentencing process. As it was prior to November 1, 1987, the effective date of the Sentencing Guidelines, the Court again finds itself tasked with the traditional role of judging only this unique defendant.

**II.		18 U.S.C. § 3553(a) Factors to Be Considered in Imposing a Sentence**
    **1.	The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

The Presentence report is accurate in the description of the Defendant's history and characteristics. The most important part to note is that the Defendant has no other criminal record, and a long employment record that reflects deep civil commitment. He served for almost 17 years he served as a firefighter in Springfield, Massachusetts achieving the rank of lieutenant. While engaged in that profession, he served in the Air National Guard and U.S. Air Force Reserve from 1990 until he retired in 2010.

The Defendant has the support of his family, as illustrated by the letters attached.

2. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to protect the public from further crimes by the defendant, to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.**

A sentence at the mandatory minimum of 180 months meets these goals. The Defendant is 46 years old, if he receives a mandatory minimum sentence he will be 60 years of age, and a registered sex offender. He understands that being in this position is all because of his wrongful actions, but there is not much that can be done to improve him for re-entry into society at that age.

A 180 month sentence is all that is needed to meet the goals of the this section. Such sentence would reflect the seriousness of the offense and provides just punishment.

    3.   **The kinds of sentences available**

While the Court has complete discretion in this case to impose any sentence it concludes is appropriate, a sentence at 180 months is the appropriate sentence for this Defendant in this matter.

    4.   **The sentencing range established under the Sentencing Guidelines**

        a.  **Factors and facts in dispute**

There are no factors in dispute in the presentence report.

    5.   **Pertinent policy statements issued by the Sentencing Commission**

        None.

    6.   **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

This Defendant is exceptional in this case. His lack of criminal record and his history of civil and military service distinguish him form the other defendants in this case. A 180 month sentence would be lower than the other defendants, but is no disparate given this Defendant's exceptional history.

    7.   **The need to provide restitution to any victims of the offense**

The Defendant does not object to the currently proposed restitution request.

**III.**      **Costs and Fine**

The defendant is indigent. Counsel is appointed. The defendant, by counsel, respectfully asks the Court waive any costs or fine it otherwise might impose.

**IV.**      **Conclusion**

Defendant respectfully submits that a sentence at the lowest end of the Guidelines (57 months) is sufficient, but not greater than necessary to meet the goals of 18 U.S.C. §3553(a) for the perpetrators of these crimes.

Respectfully submitted

Edward Parson

By Counsel

_____/s/_____
Alfred L. Robertson, Jr.
VSB # 45000
Robertson Law Office, PLLC
500 N. Washington St.
Alexandria, VA 22314
(571) 482-5133
(703) 842-6196 (facsimile)
rob@robertsonlawoffice.com
Counsel for Edward Parson

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on the 13th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing (NEF) to all counsel of record.

_____/s/_____
Alfred L. Robertson, Jr.
VSB # 45000
Robertson Law Office, PLLC
500 N. Washington St.
Alexandria, VA 22314
(571) 482-5133
(703) 842-6196 (facsimile)
rob@robertsonlawoffice.com
Counsel for Edward Parson